UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JUSTIN LEFFEW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV423-250 |
| | ) |
| ROBBINS EXPRESS LLC, | ) |
| and ANTHONY ROBBINS, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Justin Leffew filed his Complaint against Defendants Robbins Express LLC and Anthony Robbins arising from a collision between a tractor-trailer driven by Defendant Robbins and a parked tractor-trailer in which Plaintiff was sleeping. *See generally* doc. 1. The case is scheduled for trial before the District Judge on December 3, 2024. *See* docket entry dated February 14, 2024. Currently before the Court is Defendants motion *in limine*, doc. 33, to which Plaintiff has responded, doc. 35, and Defendants have replied, doc. 37. The motion is ripe for disposition and has been referred to the undersigned pursuant to 28 U.S.C. § 636.

1

Motions *in limine* in essence seek a prophylactic against the introduction of damaging evidence that could "'irretrievably affect the fairness of the trial.'" *Benson v. Facemyer*, 2017 WL 1400558, at *1 (N.D. Ga. April 19, 2017) (quoting *Soto v. Geico Indem. Co.*, 2014 WL 3644247 at *1 (M.D. Fla. July 21, 2014)). Courts grant them "'only if the evidence in question is clearly inadmissible.'" *Hamilton v. Lanier*, 464 F. Supp. 3d 1379, 1381 (S.D. Ga. 2020) (quoting *Stewart v. Hooters of Am., Inc.*, 2007 WL 1752873, at *1 (M.D. Fla. Jun. 18, 2007)); *see also Benson*, 2017 WL 1400558, at *1 (quoting *Wilson v. Pepsi Bottling Grp., Inc.*, 609 F. Supp. 2d 1350, 1359 (N.D. Ga. 2009)).

## I. General Principles of Safety or Defendants' General Operations

Defendants seek to exclude any reference to or any argument about "universal principles of how people should behave, commonly referred to as 'Safety Rules.'" Doc. 33 at 1-2. They anticipate Plaintiff's counsel may suggest to the jurors that Defendants' actions "could threaten or endanger other persons in the community by operating their vehicles in a manner which could endanger the general community," and suggest to the jurors that they are in a position "to address or eliminate this general danger" through a damages award. *Id.* at 2. Defendants critique this

anticipated trial strategy, which they contend is called the "Reptile Approach," and argue the trial in this case "is not a forum to address universal principles of how people behave." *Id.* at 2. They also seek, more generally, an Order precluding Plaintiff's counsel from presenting arguments or evidence beyond the issues in this case. *Id.* at 3-4.

In response, Plaintiff first focuses on the request to exclude reference to any "safety rules," arguing the Federal Motor Carrier Safety Regulations and Uniform Rules of the Road are applicable to the facts of this case. Doc. 35 at 1-6. Defendants' reply concedes that "evidence of the Plaintiff or the Defendants failing to comply with applicable rules of the road, federal safety regulations or other proven industry standards is relevant evidence in this case." Doc. 37 at 1. Defendants instead argue that Plaintiff should be precluded from using this case "to send a message to the trucking industry about its conduct or actions." *Id.* at 1-2. Because Defendants have not identified a specific "Safety Rule" which they contend is inadmissible, and instead have conceded the relevance of "the rules of the road and the Federal Motor Carrier Safety Regulations," doc. 37 at 2, their motion to exclude any reference to "Safety Rules" is **DENIED**. Doc. 33, in part. To the extent the Plaintiff attempts, during

3

trial, to offer "evidence or argument that seeks to ask the jury to consider safety issues outside the legal claims and defenses between the Plaintiff and Defendants," doc. 37 at 2, Defendants may raise an objection to specific argument or evidence at that time.

As for Defendants' challenge to Plaintiff's anticipated litigation approach, the "Reptile Approach," *see* doc. 33 at 2, Plaintiff responds that "the motion fails to identify a single item of evidence to be deemed inadmissible," doc. 35 at 7.  Plaintiff also cites to several non-binding yet persuasive cases where trial courts have denied similar motions, instead reserving until trial the issue of any specific challenge to the Plaintiff's presentation.  *Id.* at 8-10 (citing, *inter alia*, *Columbus v. Clean Harbors Environ. Servs., Inc.*, 2023 WL 5668034, at *4 (N.D. Ga. July 26, 2023); *Roberts v. AAA Cooper Transp., Inc.*, 2021 WL 9031229, at *3 (N.D. Ga. Aug. 27, 2021)).  The Court has considered Defendants' arguments, and the authority cited by Plaintiff, and finds that a blanket ruling on this issue would be inappropriate at this time.  *See Jenkins v. Corizon Health Inc.*, 584 F. Supp. 3d 1364, 1377 (S.D. Ga. 2022).  The request is, therefore, **DENIED**.  Doc. 33, in part.  Defendants may raise objections

at trial should Plaintiff offer argument or evidence contrary to the Federal Rules of Evidence.  *See* doc. 37 at 4.

## II. Traffic Statistics from the Governor's Office of Highway Safety

Defendants seek exclusion of evidence from the Governor's Office of Highway Safety regarding people in Telfair County, Georgia who were seriously injured in automobile collisions during the year 2017.  Doc. 33 at 4-5.  Plaintiff does not respond in opposition, since "Plaintiff does not intend to introduce traffic statistics from the Governor's Office of Highway Safety. . . ."  Doc. 35 at 1 n.1.  The request is, therefore, **GRANTED**, as unopposed.  Doc. 33, in part.

## III. Traffic Citations

Defendants' request for an *in limine* ruling related to traffic citations is confusing.  In the heading, they appear to request a ruling excluding evidence of Defendant Anthony Robbins' prior traffic violations.  Doc. 33 at 5.  However, the body of the request instead seeks a ruling excluding "[t]he fact that an officer did *not* issue a traffic citation" in the collision underlying this case.  *Id.* (emphasis in original).  Plaintiff's response makes clear that he does not intend to elicit any testimony regarding the officer not issuing him a traffic citation for the underlying

5

collision.  Doc. 35 at 10.  Therefore, he does not oppose the request to exclude evidence that the responding officer "did *not* issue a citation to Plaintiff."  *Id.*  Defendants' request to exclude evidence that the investigating officer did not issue a citation to the Plaintiff is, therefore, **GRANTED**, as unopposed.  Doc. 33, in part.

Defendants' reply clarifies that they also seek exclusion of "any argument or questions by Plaintiff regarding the issuance of a citation to Defendant Robbins."  Doc. 37 at 6; *see also* doc. 33 at 5 (Defendants "request that any evidence of traffic citations be ruled inadmissible."). Plaintiff argues that evidence of the citation issued to Defendant Robbins is admissible because, "[u]pon information and belief, Defendant Robbins entered a guilty plea to that offense," and evidence of traffic citations are admissible in civil proceedings if the defendant voluntarily and knowingly entered a plea of guilty to the citation.  Doc. 35 at 10 (citing *Rangel v. Anderson*, 2016 WL 6595600, at *3 (S.D. Ga. Nov. 7, 2016)).

Defendants reply that Plaintiff has not identified "a certified copy of the citation" as a document he will introduce as evidence, and therefore there is no evidence that Robbins entered a guilty plea.  Doc. 37 at 6. Defendants further argue that it would be "prejudicial and improper" to

6

ask Robbins about the citation during cross-examination if Plaintiff does not have evidentiary proof of a knowingly and voluntarily entered guilty plea to the citation. *Id.* Although Defendants do not indicate the final disposition of the traffic citation, they do argue that a nolo contendere plea to a traffic citation is inadmissible, as is payment of a traffic fine. *Id.*

At this point in the proceedings, Plaintiff does not yet have the burden of demonstrating that the traffic citation is admissible; instead, Defendants as the parties seeking an *in limine* ruling must demonstrate that the traffic citation is "clearly inadmissible.'" *Hamilton*, 464 F. Supp. at 1381. While they may be correct that Plaintiff will be unable to demonstrate its admissibility at trial, for now, they have not met their burden of demonstrating its clear inadmissibility. Their motion *in limine* related to the traffic citation is, therefore, **DENIED**. Doc. 33, in part.

### IV. Voir Dire

Defendants ask the Court to preclude Plaintiff's counsel from using leading questions during voir dire. Doc. 33 at 5-7. As Plaintiff points out in response, doc. 35 at 1 n.1, this request is moot because "attorneys do not conduct voir dire questioning in this Court." *DeJesus v. Wal-Mart*

*Stores East, LP*, 2021 WL 5501816, at *3 (S.D. Ga. July 12, 2021). Defendants concede that "with the Court directing voir dire there is no longer a need [for the Court to] rule on that portion of the motion in limine." Doc. 37 at 5. The request is, therefore, **DENIED AS MOOT**. Doc. 33, in part.

V. Conclusion

Defendant's Motion *in Limine* is **GRANTED, in part**, and **DENIED, in part**. Doc. 33.

**SO ORDERED**, this 29th day of October, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA